37 F.3d 1494
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
 Phillip MORRIS; David L. Tucker, Plaintiffs-Appellants,
v.
The POLICE CIVIL SERVICE COMMISSION for the City of
Charleston, and its members; Charles H. James, III; Harold
R. Neal; Robert D. Pennington; City of Charleston, a
municipal corporation; Charles R. Gardner, in his official
capacity as Mayor of the City of Charleston; The Chief of
Police of the City of Charleston, Defendants-Appellees.
 No. 93-1728.
 United States Court of Appeals, Fourth Circuit.
 Submitted Sept. 13, 1994.
Decided Oct. 13, 1994.
 
 Appeal from the United States District Court for the Southern District of West Virginia, at Charleston. Charles H. Haden II, Chief District Judge. (CA-91-366-2)
 Michael T. Clifford, Clifford, Mann & Swisher, L.C., Charleston, WV, for appellants.
 Steven P. McGowan, Jan L. Fox, Steptoe & Johnson, Charleston, WV, for appellees.
 S.D.W.Va.
 AFFIRMED.
 Before HAMILTON, LUTTIG, and WILLIAMS, Circuit Judges.
 PER CURIAM:
 
 
 1
 Appellants, Phillip Morris and Davis Tucker, two police officers with the City of Charleston, West Virginia, appeal the district court's grant of summary judgment to the Police Civil Service Commission (Commission) on Appellants' claim that a promotional eligibility list prepared in compliance with a federal consent decree violated state law. Finding no error, we affirm.
 
 
 2
 * To eradicate the effects of prior promotion practices determined to have a negative disparate impact on minority applicants, the City of Charleston entered into a consent decree governing hiring procedures. Brooks v. City of Charleston, C.A. Nos. 2:87-0645 and 2:87-0938 (S.D.W. Va. Aug. 7, 1989).[1] The decree modified the prior promotion practice by deleting a provision for a performance appraisal which formerly accounted for thirty-percent of an applicant's score. Instead, the decree required that promotions be based on an applicant's score on a written examination added to allowable time-in-service credit.
 
 
 3
 At the initiation of this suit, Appellants were ranked for promotion on the eligibility list developed in compliance with the decree, but both were passed over for promotions. Appellants sought to enjoin the Commission's continued use of that eligibility list on grounds that the list expired under state law after being used once for promotions. They asserted that the Commission was about to make promotions again off the same list. Appellants moved the district court to certify a question for decision by the West Virginia Supreme Court.[2] That motion was denied by order dated December 21, 1992.
 
 
 4
 Both Appellants were subsequently promoted from the existing eligibility list. The Commission filed a motion for summary judgment arguing that the Appellants no longer presented a justiciable controversy. The district court granted summary judgment in favor of the Commission, and Appellants timely appealed.
 
 II
 
 5
 Appellants argue that the district court erred in failing to certify a question for decision by the West Virginia Supreme Court. Certification of a question to state court rests "in the sound discretion of the federal court." Lehman Brothers v. Schein, 416 U.S. 386, 391 (1974). We find that the district court did not abuse its discretion in declining to certify the question to state court. We also note that even if the court erred, such error was harmless because the district court correctly decided that Appellants lack standing to pursue their action in federal court.
 
 
 6
 Standing under Article III of the Constitution requires that the party seeking relief show that he "personally has suffered some actual or threatened injury as a result of the putatively illegal conduct of the defendant;" that " 'the injury fairly can be traced to the challenged action, Valley Forge Christian College v. Americans United for Separation of Church & State, 454 U.S. 464, 472 (1982) (quoting Gladstone, Realtors v. Village of Bellwood, 441 U.S. 91, 99 (1979)); and, that ... 'the injury is likely to be redressed by a favorable decision,' " id. (quoting Simon v. Eastern Kentucky Welfare Rights Org., 426 U.S. 26, 38 (1976)). The injury or threat of injury must be real and immediate, not conjectural or hypothetical. City of Los Angeles v. Lyons, 461 U.S. 95, 101-02 (1983).
 
 
 7
 Appellants' standing to seek the requested injunction depends on whether they are currently suffering an injury or are likely to suffer future injury resulting from the Commission's use of an allegedly void eligibility list. During the pendency of this litigation, however, both Appellants were promoted from the eligibility list. Accordingly, they no longer suffer an ongoing injury.
 
 
 8
 Appellants argue that despite their promotions, there still remains a risk of future injury because at least one of them could be promoted in the future, and the Commission might continue to use the allegedly void eligibility list. This possibility, however, poses too many contingencies for the threat of injury to be more than hypothetical or conjectural. The possibility Appellants will not be promoted in the future because of the Commission's use of the current list is speculative. The possibility Appellants will be promoted in the future absent use of the current list is speculative as well, as is the possibility that the Commission will base future promotions on the current list. Appellants are unable to show the real and immediate threat of injury necessary to confer standing.[3]
 
 
 9
 We therefore affirm the orders of the district court denying Appellants' motion for certification of a question of state law and granting summary judgment in favor of the Commission. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.
 
 
 10
 AFFIRMED.
 
 
 
 [1]
 This consent decree was the subject of two prior appeals to this Court, Tucker v. City of Charleston, No. 90-1872 (4th Cir. Oct. 22, 1991) (unpublished), and Morris v. Police Civil Serv. Comm'n, No. 91-1660 (4th Cir. Oct. 20, 1992) (unpublished)
 
 
 [2]
 Appellants argued that the court should certify the following question to the West Virginia Supreme Court: "Whether the promotions made by the City of Charleston on or about September 19, 1990, voided the city's promotional eligibility list as a matter of state law, rendering subsequent promotions void." Appellants argued that resolution of this question was dispositive of the case
 
 
 [3]
 Appellants also argue that they have standing because in the absence of the current eligibility list they might have been promoted sooner, thereby entitling them to backpay damages. This argument lacks merit because Appellants did not seek damages in their complaint, nor did they ever seek leave to amend their complaint to include a claim for damages. See Fed.R.Civ.P. 15(a). Moreover, even if a claim for damages were properly before this Court, the injury would still be too conjectural to confer standing